IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. BRYAN GREGG WATERFIELD NASH, Defendant. | CR 19-30-M-KLD ORDER |

On August 25, 2020, Defendant Bryan Gregg Waterfield Nash was sentenced to five years of probation following his guilty plea to the misdemeanor charge of blackmail in violation of 18 U.S.C. § 873. (Doc. 119). On April 18, 2022, Defendant, who is no longer represented by represented by counsel in this matter, filed a motion for early termination of his probation. (Doc. 125). The United States opposes Defendant's motion, which is fully briefed and ripe for ruling.

Title 18 U.S.C. § 3564(c) authorizes the Court, after considering the factors set forth in § 3553(a), to "terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor" if the Court "is

1

satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). The factors specified in § 3553(a) "include the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002). The Ninth Circuit has indicated that early termination of supervision may be warranted where the defendant demonstrates changed circumstances rendering a previously imposed term or condition of release either too harsh or inappropriate. See *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000) (citing *United States v. Lussier*, 104 F.3d 32, 26 (2d. Cir. 1997)). Whether to grant a motion for early termination of probation is within the Court's discretion. See *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022).

In support of his motion, Defendant refers to the fact that he has fully complied with the conditions of his probation and represents that his supervising probation officer does not oppose his request for early termination. (Doc. 125, at 1). Defendant explains that he would like "to move forward with his career and life," and "has a career opportunity that would be denied if he is under any probation term." (Doc. 128, at 6). Defendant further submits that terminating the

remainder of his sentence is in the best interest of his family, including his children's educational needs, and society at large. (Doc. 128, at 6). Defendant makes a number of conspiratorial allegations, and states that he "has learned a lot about the laws and how our legal system works. He takes full responsibility for not understanding the situation back in 2008 and accepts that politics and money drive our legal system. Mr. Nash takes full responsibility for not understanding it." (Doc. 128, at 5-6).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court finds that early termination of Defendant's probation is not warranted. Defendant benefitted significantly from the plea agreement in this case, which allowed him to plead guilty to a single misdemeanor in exchange for the dismissal of 11 felony charges of cyberstalking and extortion. The five-year term of supervision is appropriate to afford adequate deterrence and to protect the public.

While Defendant points out that he has complied with conditions of his probation, he has not identified any changed circumstances that would justify early termination of his probationary sentence. See e.g. *United States v. Salazar*, 693 Fed. App'x 565, 566 (9th Cir. 2017) (finding that "mere compliance with the conditions of probation," without more, does not warrant early termination of a probation term, as such behavior is required by law); *U.S.A. v. Robins*, 2014 WL

3

11790802, at *3 (C.D. Cal. May 17, 2014); *U.S.A. v. Hawatmeh*, 2014 WL 11970544, at *4 (C.D. Cal. Sept. 19, 2014). Under the circumstance, the Court finds that early termination of Defendant's probationary sentence is not warranted by his conduct, and is not in the interest of justice. Accordingly,

IT IS ORDERED that Defendant's motion for early termination of his term of probation pursuant to 18 U.S.C. § 3564(c) is DENIED.

DATED this 18th day of May, 2022.

Kathleen L. DeSoto
United States Magistrate Judge